**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SARAH LOUISE BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-cv-00182-ALT |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| *sued as Frank Bisignano*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Sarah Louise Bradley brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On January 7, 2022, the Court granted the Commissioner's unopposed motion for reversal with remand and remanded the case for further proceedings. (ECF 17).

Bradley's counsel, Karl E. Osterhout of Osterhout Berger Daley LLC ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $8,127.68. (ECF 21). Counsel acknowledges that if fees are awarded under § 406(b), Counsel must refund to Bradley the $6,720 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 2; *see* ECF 20). The Commissioner filed a response, stating that he does not support or oppose Counsel's fee request. (ECF 24). On June 10, 2026, the Court held a hearing on the motion, at which oral argument was

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

heard and concluded. (ECF 29). For the following reasons, the motion for attorney fees (ECF 21) will be GRANTED.

### A. Factual and Procedural Background

In April 2021, Counsel entered into a fee agreement with Bradley, in which Bradley agreed to pay Counsel 25 percent of any past-due benefits awarded to her. (ECF 21-3).[2] On May 12, 2021, Bradley filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, on January 7, 2022, the Court granted the Commissioner's unopposed motion for reversal with remand and remanded the case for further proceedings. (ECF 17).

On April 7, 2022, Bradley filed a joint stipulation to an award of attorney fees under the EAJA for 33.6 hours of legal work. (ECF 19, 19-1). The Court subsequently granted the stipulated motion under the EAJA for $6,720. (ECF 20).

On May 2, 2026, the Commissioner sent Counsel a letter conveying that the Commissioner was currently withholding $8,127.68 to pay Bradley's attorneys, which represents the balance of 25 percent of Bradley's past-due benefits. (ECF 21-1).[3] Counsel represented at the hearing that this May 2, 2026, letter was the first he learned that Bradley had been issued a favorable disability award and was entitled to past-due benefits. (ECF 29).[4] On May 14, 2026, Counsel filed the instant motion for attorney fees pursuant to § 406(b). (ECF 21). In the motion,

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] The letter states that the Commissioner had already paid $3,010 to the attorney who represented Bradley at the administrative level. (ECF 21-1 at 1).

[4] The Commissioner's lawyer represented at the hearing that Bradley had been issued a favorable disability decision in May 2024 and that the notice of award was sent to Bradley in February 2025. (ECF 29). The notice of award, however, was never sent to Counsel. (*See* ECF 26).

Counsel represents that Bradley was awarded approximately $44,000 in past-due benefits. (ECF 21 at 1 n.2).[5]

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[6] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[7] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[8] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

---

[5] Because Counsel never actually received the notice of award from Bradley or the Commissioner setting forth the amount of past-due benefits, Counsel arrives at the approximate $44,000 in past-due benefits by adding $8,127.68, the amount still remaining for payment of attorney fees, plus $3,010, the amount already paid to administrative-level counsel, and multiplying times four. (*Id.*).

[6] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[7] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[8] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within [that] boundary, … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time[.]" *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

## C. *Legal Analysis*

The Court is charged with determining whether Counsel's requested fee of $8,127.68 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits …." 42 U.S.C. § 406(b)(1)(A).

First, this amount does not exceed 25 percent of Bradley's past-due benefits. Counsel contends that the requested fee award of $8,127.68 is reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case. (ECF 21 at 2-4). Counsel obtained a good result for Bradley, as the Commissioner agreed to remand the case for further proceedings after Counsel filed his opening brief (ECF 15, 16), and the Commissioner ultimately awarded Bradley benefits. *See Gisbrecht*, 535 U.S. at 808

(acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Additionally, Counsel did not request any extensions of time to brief the case, and thus did not contribute to any material delay of the case. Further, Counsel promptly moved for § 406(b) fees after he first learned in early May 2026 that Bradley had been awarded disability and past-due benefits. *See id*. (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel … caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $8,127.68 for 33.6 hours of legal work (ECF 21-2), equates to an attorney rate of $241.90 per hour. (ECF 21 at 5-6). Given this rate is well below the range of previous awards in this district and the Seventh Circuit, the Court does not find this

award unreasonable on the circumstances presented. *See Bradley L. v. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $8,127.68. Given that the previously awarded EAJA award is the smaller of the two fees, Counsel must refund the $6,720 in EAJA fees to Bradley, as an EAJA award "offsets" an award under § 406(b). *Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020).

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 21) is GRANTED in the amount of $8,127.68. Counsel is reminded of their duty to refund to Bradley the $6,720 in EAJA fees previously awarded to Counsel. The Commissioner is to release any remaining amount of withheld past-due benefits to Bradley.

SO ORDERED.

Entered this 15th day of June 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

6